NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Criminal Action No. 15-245 (ES) |
| v. : | |
| : | **MEMORANDUM OPINION** |
| BRIAN PEREZ, : | |
| Defendant. : | |

Before the Court is *pro se* Brian Perez's motion seeking to reduce his imprisonment term under 18 U.S.C. § 3582(c)(2) in view of an amendment to the United States Sentencing Guidelines. (D.E. No. 191). The Court must DENY this motion for the reason below.

In 2014, the U.S. Sentencing Commission voted such that lower drug sentences would be imposed after November 2014. This is known as Amendment 782 and applies only to those sentences calculated using § 2D1.1. *See United States v. Tolendano*, No. 15-2428, 2016 WL 805910, at *1 n.4 (3d Cir. Mar. 2, 2016) ("Amendment 782 reduced the offense levels by two levels for most drug quantities under U.S.S.G. § 2D1.1.") (citing U.S.S.G. App. C., Amendment 782).

Under 18 U.S.C. § 3582(c)(2), a sentencing court can reduce an imprisonment term pursuant to a defendant's motion if (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "A reduction in sentence is not consistent with the relevant

policy statement unless the amendment has 'the effect of lowering the defendant's applicable guideline range.'" *United States v. Rengifo*, No. 15-3074, 2016 WL 703842, at *1 (3d Cir. Feb. 23, 2016) (per curiam) (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

On May 26, 2015, Perez pleaded guilty to one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. On September 8, 2015, the Undersigned imposed a sentence of 40 months.

Perez argues that "he qualifies under federal statute for the Court's reconsideration to resentence [him] with a two-point reduction or be sentenced retroactively to this reduction" and so "requests this Court resentence him retroactively with the two-point reduction." (D.E. 191 at 1-2). Further, Perez contends the Court "may consider post plea conduct in considering resentencing" and sets forth, among other things, that he has received "no disciplinary reports or violations," he is in "his second month of Residential Drug and Alcohol Program," and has "prepared himself through prison courses to re-enter society." (*Id.*).

But Perez has already benefitted from Amendment 782 because his September 2015 sentence was determined using Sentencing Guidelines that incorporated Amendment 782—i.e., the November 2014 Sentencing Guidelines. Accordingly, Perez is ineligible for any reduction pursuant to Amendment 782.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**