NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 15-245 (ES) |
| | MEMORANDUM |
| BRIAN PEREZ, | |
| Defendant. | |

Before the Court is *pro se* Brian Perez's ("Mr. Perez") motion seeking a two-point minor-role reduction. (D.E. No. 197). The Government opposes Mr. Perez's motion. (D.E. No. 198). It argues that the motion should be denied because the relief he seeks is: (1) expressly barred by the terms of his plea agreement and (2) outside of any relief available to him under the Federal Rules of Criminal Procedure. (*Id.* at 1). The Court agrees with the Government and DENIES Mr. Perez's motion.

On May 26, 2015, Mr. Perez pleaded guilty to a one-count information concerning a conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. (*See* D.E. Nos. 179, 181-183). The Court entered the plea agreement he reached with the Government on that same day. (D.E. No. 182). In relevant part, the plea agreement has the following stipulations:

> 10. . . . the parties agree that: (a) if the Court finds, pursuant to U.S.S.G §5C1.2, that Brian Perez meets the criteria in 18 U.S.C. §§ 3553(f)(1)-(f)(5), Brian Perez will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(17), with the result that the total Guideline offense level applicable to Brian Perez will be 19; and (b) otherwise, the total Guidelines offense level applicable to Brian Perez will be 21 . . . .

> 11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

(D.E. No. 182 at 8).

Nowhere is there mention of any reduction for minor role. Moreover, the plea agreement states that Mr. Perez "voluntarily waives[] the right to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below of 21." (*Id.*). And, on September 8, 2015, this Court held a sentencing hearing and sentenced Mr. Perez to 40 months imprisonment based on a total offense level of 21. (*See* D.E. Nos. 189 & 190). The Court agrees with the Government that the plea agreement therefore forecloses Mr. Perez's application for a minor-role sentence reduction.[1]

Finally, Mr. Perez advances no basis—nor does the Court see any—for a reduction based on Federal Rules of Criminal Procedure 35 or 36. As the Government aptly notes (*see* D.E. No. 198 at 2): (1) Rule 35(a) has a 14-day deadline after sentencing (here, September 8, 2015) to "correct a sentence that resulted from arithmetical, technical, or other clear error"; (2) Rule 35(b) concerns a Government motion made if a defendant provides substantial assistance to the Government; and (3) Rule 36 concerns a "clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Accordingly, Mr. Perez's motion is DENIED. An appropriate Order will be issued.

*s/Esther Salas*<br>
**Esther Salas, U.S.D.J.**

---

[1] *See United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) ("We have observed that a defendant should not be permitted to get the benefits of his plea bargain, while evading the costs . . . . Under the law of this circuit, a defendant cannot renege on his agreement. When a defendant stipulates to a point in a plea agreement, he is not in a position to make arguments to the contrary.") (cleaned up).